BANKERS TRUST COMPANY *v.* DEPARTMENT OF TREASURY OF THE STATE OF INDIANA.

[No. 26,477. Filed May 20, 1936. Rehearing denied October 21, 1936.]

*Jones, Hammond, Buschmann & Gardner, William C. Harrison, William H. Kreig* and *Paul J. De Vault,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, *Fred A. Wiecking,* Assistant Attorney-General, and *Joseph P. McNamara,* Deputy Attorney-General, for appellees.

FANSLER, J.—Appellant brought this action to recover gross income tax imposed and collected under the Gross Income Tax Act of 1933 (Acts 1933, ch. 50, p. 388, §§64-2601, et seq., Burns 1933, §§15981 et seq., Baldwin's 1934), and paid under protest. There was a trial, special findings of fact, and conclusions of law.

Error is assigned upon conclusions of law numbered 1, 2 and 3, which were against appellant.

Conclusion No. 1 is to the effect that plaintiff is not entitled to recover upon its first and second paragraphs of complaint. These paragraphs are based upon the theory that the act is intended to and does levy a tax upon all banks and trust companies, including national banks; that it is not applicable to national banks because in conflict with the federal statute permitting the taxing of national banks by a state, and that therefore it is violative of article 1, §23, of the Constitution of Indiana, which provides that: "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

We need not decide whether national banks are taxable under the statute in question, or whether the method therein prescribed conflicts with the federal statute permitting national banks to be taxed by the states. It is sufficient to point out that the statute does not grant privileges or immunities to national banks. It purports to tax all banks alike, whether state or national. If the permission to tax national banks granted by Congress is not broad enough to cover the terms of this taxing statute, exemption and immunity from the tax is granted by the federal statute, and not by the Gross Income Tax Act. If the federal statute in force at the time the Gross Income Tax Law was enacted had been broad enough to permit the taxing of national banks in any manner in which state banks were taxed, appellant's contention as to constitutionality would have no basis whatever upon which to stand; and if the law was constitutional when enacted, it would not thereafter become unconstitutional because of a repeal of the federal statute and the entire withdrawal by Congress of authority for the state to tax national banks. It was

said by the Supreme Court of the United States in *Union Bank & Trust Co.* v. *Phelps* (1933), 288 U. S. 181, 187, 53 S. Ct. R. 321:

> "To accept the doctrine that as the States can only tax a federal instrumentality when permitted by Congress, therefore they cannot tax competitors of such instrumentalities within their general jurisdiction in some other fashion without violating the XIV Amendment would be both illogical and destructive of their proper independence.
>
> "Such instrumentalities are exempted from state taxation without the express consent of Congress, by the Federal Constitution. They are of a class wholly distinct from the property of ordinary corporations or individuals, and this fact cannot be disregarded by the State. If the State sees fit to tax unrestricted property within her jurisdiction and to omit National Bank shares, the classification cannot be said to be arbitrary and wholly unreasonable—the basis of it is plain enough. It may be vastly more important for the State to omit National Bank shares and tax ordinary moneyed capital according to a plan not permissible in respect of National Bank shares rather than conform to the standard prescribed by Congress. There is nothing to indicate that Congress ever supposed that mere establishment of a National Bank within a State could upset the scheme for taxation, theretofore entirely proper, by producing conflict with the XIV Amendment. This view should subject the taxing power of the State to the will of Congress far beyond what is necessary for the protection of federal agencies."

Nor can it be supposed that section 23 of article 1 of the Constitution of Indiana was intended to exempt banks and trust companies, which are creatures of the State of Indiana, from taxation, merely because the Federal Constitution exempts national banks from taxation by the state without the consent of Congress. Nor was it contemplated that the national Congress should dictate to the state legislature whether or not banks and other competing moneyed capital should be taxed at all,

and, if taxed, the manner in which they shall be taxed. If national banks are exempt from tax under the Gross Income Tax Law it is not because of any act of the General Assembly, but because of an Act of Congress, and if privileges or immunities are granted, the grant was not by the General Assembly, but by Congress, and the General Assembly has not violated the constitutional provision.

Appellant asserts that the court erred, in conclusion No. 3, in holding that the Gross Income Tax Act does not limit the tax on banks and trust companies to earnings derived from the lending of money or credit only. Section 3 of the act provides that: "The tax hereby provided for shall be imposed at the following rates: . . . (e) Upon the entire gross income of every person engaged in the business of operating any bank, trust company . . ." Clause (f) of section 1 provides that: "The term 'gross income,' except as hereinafter otherwise expressly provided, means the gross receipts of the taxpayer received as compensation for personal services, and the gross receipts of the taxpayer derived from trades, businesses or commerce, and the gross receipts proceeding or accruing from the sale of property, tangible or intangible, real or personal, or service, or any or all of the foregoing, and all receipts by reason of the investment of capital, including interest, discount, rentals, royalties, fees, commissions or other emoluments, however designated, and without any deductions on account of the costs of property sold, the cost of materials used, labor cost, interest or discount paid, or any other expense whatsoever, and without any deductions on account of losses." Clause (g) of the same section provides that: "In the case of banks, trust companies, building and loan associations, brokers, finance companies, dealers in commercial paper, and persons engaged in the business of lending money or

credit, the term 'gross income' shall be deemed to mean gross earnings in respect to that part of the total gross income of such persons which is derived from the businesses and activities enumerated in the subsection." When read together, these sections cannot reasonably be construed to mean anything other than that, in respect to the income of a bank or trust company derived from "the business of lending money or credit," "gross income" shall mean "gross earnings," and that, in respect to the income of such banks and trust companies derived from any other business described in clause (f) of section 1, their gross income shall be determined in the same manner as that of any other person or corporation. There is nothing in the act which indicates an intention to exempt entirely from taxation the income of banks and trust companies derived from other sources than "the business of lending money or credit." Sections 6 and 7 of the act deal with exemptions and exceptions. No provision is made in these sections for an exemption or exception of the income of banks or trust companies derived otherwise than from "the business of lending money or credit." There is no basis for enlarging these exemptions and exceptions by construction. In fact, on the contrary, it seems obvious that no such exemption or exception was intended.

No other questions are presented by the assignment of error or cross-error.

Judgment affirmed.